HARDWARE MUTUAL FIRE INSURANCE COMPANY v. J. W. STINSON, TREASURER-TAX COLLECTOR OF MECKLENBURG COUNTY, N. C., AND MECKLENBURG COUNTY, N. C.

(Filed 29 April, 1936.)

1. **Appeal and Error J g—Where rights of parties are determined by holding on one exception, other exceptions need not be considered.**

Where it is determined on appeal that a taxpayer is not liable for the tax levied on certain reserves deducted by the taxpayer from solvent credits, the question of whether the taxing county could add such reserves to the taxable property after the taxpayer's tax return had been approved by the County Board of Equalization and Review need not be considered.

2. **Taxation B d—**

Under our constitutional and statutory provisions all property, real and personal, is subject to taxation, unless exempt from taxation by the Constitution.  Art. V, sec. 3; N. C. Code, 7971 (13).

3. **Taxation B a—Insurance company may deduct "unearned premiums" from solvent credits in listing property for taxation.**

Unearned premiums are a liability of an insurance company, N. C. Code, 6437, 6294, and an amount set apart by a mutual company as a reserve for the rebate of unearned premiums to its policyholders upon cancellation of policies in accordance with its by-laws is properly deducted by the insurance company in listing its solvent credits for taxation, N. C. Code, 7971 (13), 7971 (46), subsec. 25.

APPEAL by plaintiff and defendants from *Harding, J.,* at Regular March Term, 1936, of MECKLENBURG.  Reversed on plaintiff's appeal. Affirmed on defendants' appeal.

This is a submission of controversy without action.  N. C. Code, 1935 (Michie), sec. 626.  Jurat by the litigants.

"1. That the said Mecklenburg County is, and was at the times herein set forth, a political subdivision of the State of North Carolina, with power, through its proper officers, to levy and collect proper county taxes of Mecklenburg County in the manner provided by law.

"2. The said J. W. Stinson, treasurer-tax collector of Mecklenburg County, is, and was at the times herein set forth, the duly elected and

acting treasurer-tax collector of said Mecklenburg County, who by law has, and had at such times, the duty and power to collect and receive all proper taxes duly levied and due Mecklenburg County for the benefit, under the authority and by request of the said Mecklenburg County and its duly constituted authorities.

"3. During the years 1934 and 1935 the duly constituted authorities of said Mecklenburg County duly levied an *ad valorem* tax on all real property and all personal property, including in the latter all choses in action in said Mecklenburg County which were on the tax list and assessment roll of Mecklenburg County.

"4. The said Hardware Mutual Fire Insurance Company is and was at the times herein set forth a corporation, duly created, organized, and existing under the laws of North Carolina, being a mutual fire insurance company without capital stock, the contingent liability of the members and policyholders of the company being limited during the year 1934 to five times the annual premium written in the policy, and during the year 1935 to one time said annual premium; the said company is, and was at the times herein set forth, doing the business of issuing policies insuring such members and policyholders against all direct loss and damage by fire and by removal from premises endangered by fire to property of such members and policyholders, in accordance with the Standard Fire Insurance Policy of the State of North Carolina; a copy of said policy is hereto attached, marked 'Exhibit A,' and, by reference, made a part thereof.

"5. Such policies of fire insurance issued by said Hardware Mutual Fire Insurance Company are, and were at the times herein set forth, issued and made subject to the following provision of the By-Laws of said Hardware Mutual Fire Insurance Company, which was duly adopted by said Hardware Mutual Fire Insurance Company and which is, and was at the times herein set forth, in full force and effect, and applying to all such policies of fire insurance issued by said Hardware Mutual Fire Insurance Company:

## " 'ARTICLE XVII.

### " 'DIVIDENDS.

" 'The Board of Directors may from time to time fix and determine the amount to be paid as a dividend upon policies expiring each year, or any existing surplus on hand after payment of all losses and expenses may be passed on to a reserve fund. Renewal policies may be issued by the Company at expiration of policies in force, and in case of termination by either party where protection has been afforded the assured by such renewal policy, the Company may deduct the earned premium thereon from any unabsorbed premium deposit in the hands of the Com-

pany; but, in cases where no protection could be afforded under such policy, upon surrender of such renewal policy the Company shall return said unabsorbed premium deposit to the policyholder without deduction for earned premium upon such renewal deposit.'

"6. The said Hardware Mutual Fire Insurance Company, during the years 1934 and 1935, and for many years prior thereto, paid its members and policyholders a dividend of 40 per cent on all premiums paid by them.

"7. The said Hardware Mutual Fire Insurance Company regularly collects, and at the times herein set forth did regularly collect, from each member or policyholder in advance a standard fire insurance premium on each policy issued by it, and maintains, and at the times herein set forth did maintain, an unearned premium reserve fund, being and representing the unearned premiums due members or policyholders as set forth in the said policy marked 'Exhibit A,' under the heading, Cancellation of Policy, and as provided in said by-law, which amount of unearned premium reserve was regularly reported to the Insurance Commissioner of North Carolina, as required by said Insurance Commissioner; out of such unearned premium reserve the said Hardware Mutual Fire Insurance Company regularly pays, and did at the times herein set forth pay, to each member or policyholder whose policy was canceled the amount due under clause in the policy marked 'Exhibit A,' under the heading, Cancellation of Policy. The amount of such unearned premium reserve as of 1 April, 1934, was $29,188, and the amount of such unearned premium reserve as of 1 April, 1935, $32,735.

"8. The said Hardware Mutual Fire Insurance Company, on 18 May, 1934, made its tax return for the year 1934, listing with the list taker for Charlotte Township, Mecklenburg County, in said tax return the property of said Hardware Mutual Fire Insurance Company as follows:

| | | |
|---|---:|---:|
| Total solvent credits.... ............................................... | | $60,280.00 |
| Deducting therefrom amount of unsecured book accounts and bills payable April 1, 1934 ........ ............................... ................ | $13,234.00 | |
| Unearned premiums.................................. | 29,188.00 | 41,422.00 |
| Leaving net solvent credits........ .................... ........... | | $18,858.00 |
| To which the list taker added...................................... | | 2.00 |
| | | $18,860.00 |
| Personal property................................................. .......... | | 350.00 |
| Grand total................ ...................................... | | $19,210.00 |

"9. The Board of Equalization and Review of Mecklenburg County met on 19 July, 1934, for the equalization and review of the property on the tax list and assessment roll of said Mecklenburg County, and after adjournment from time to time completed its duties on 4 September, 1934. At said meeting said Board of Equalization and Review made no correction or change in said tax return of the said Hardware Mutual Fire Insurance Company for the year 1934, in the property so listed for taxation, in the valuation of such property, in the net value of said solvent credits or in the grand total listed therein, or in the assessment of said property of the Hardware Mutual Fire Insurance Company which had been made by the duly constituted authorities of Charlotte Township and Mecklenburg County on the basis of said tax return, but the said property of said Hardware Mutual Fire Insurance Company which had been so returned and assessed was so placed upon the tax list and assessment roll of Mecklenburg County. The said tax list and assessment roll containing such assessment and valuation was approved and certified to by said Board of Equalization and Review, as provided by law, and delivered to the treasurer-tax collector of Mecklenburg County, to whom said Hardware Mutual Fire Insurance Company, on 30 October, 1934, paid the sum of $109.50, being a tax levied by the board of county commissioners of Mecklenburg County at the rate of 57 cents on the one hundred dollars on the said grand total of $19,210.

"10. Thereafter, Fred R. Young, who was investigating the tax books and returns for Mecklenburg County, suggested to the board of county commissioners of Mecklenburg County that the said unearned premium reserve of $29,188 of said Hardware Mutual Fire Insurance Company be placed on said tax return of said Hardware Mutual Fire Insurance Company as unlisted property, and after notice had been mailed to the taxpayer by the clerk of said board that such property had been discovered and listed for taxation, and that said board would proceed to assess same at its next regular meeting, said board of county commissioners, at its next regular meeting, assessed said unearned premium reserve for the year 1934; thereupon, the board of county commissioners of Mecklenburg County, and J. W. Stinson, treasurer-tax collector of Mecklenburg County, demanded that the said Hardware Mutual Fire Insurance Company pay the county tax of $166.37 at said rate of 57 cents on the hundred dollars for the year 1934 on said unearned premium reserve of $29,188, which was levied, assessed, and charged by the board of county commissioners of Mecklenburg County on said unearned premium reserve, to the said J. W. Stinson, treasurer-tax collector of Mecklenburg County.

"11. Pursuant to such demand, the said Hardware Mutual Fire Insurance Company, on 8 March, 1935, paid said tax of $166.37 for the year 1934 on said unearned premium reserve of $29,188 to the said J. W. Stinson, treasurer-tax collector of Mecklenburg County, notifying said J. W. Stinson, treasurer-tax collector at the time of said payment that it paid said tax on said unearned premium reserve under protest.

"12. Within thirty days after such payment under protest the said Hardware Mutual Fire Insurance Company demanded in writing from the said J. W. Stinson, treasurer-tax collector of Mecklenburg County, the said tax of $166.37 so paid by the said Hardware Mutual Fire Insurance Company under protest.

"13. The said tax of $166.37 was not refunded within ninety days thereafter, and has not up to the present time been refunded to the said Hardware Mutual Fire Insurance Company, or to anyone for said Company.

"14. The said Hardware Mutual Fire Insurance Company, on 24 April, 1935, made its tax return for the year 1935, listing in said tax return with the list taker for Charlotte Township, Mecklenburg County, the property of said Hardware Mutual Fire Insurance Company as follows:

| | | |
|---|---:|---:|
| Total solvent credits | | $73,918.00 |
| Deductions therefrom: | | |
| Amount of unsecured book accounts and bills payable April 1, 1935 | $ 5,857.00 | |
| Unearned premiums | 32,735.00 | 38,592.00 |
| Net value of solvent credits | | $35,326.00 |
| Personal property | | 800.00 |
| Grand total | | $36,126.00 |

"15. Thereafter, before the Board of Equalization and Review of Mecklenburg County had adjourned, and before the tax list and assessment roll of Mecklenburg County for the year 1935 had been approved, notice having been mailed to the taxpayer by the clerk of said board of county commissioners of Mecklenburg County that the unearned premium reserve had been discovered and listed for taxation, and that said board would proceed to assess same at its next regular meeting, said board of county commissioners, at its next regular meeting, assessed for the year 1935 said unearned premium reserve of said Hardware Mutual Fire Insurance Company, amounting to $32,735, which had been de-

ducted by said company from its solvent credits in its tax return, and thereupon said treasurer-tax collector of Mecklenburg County and said board of commissioners of Mecklenburg County demanded that said Hardware Mutual Fire Insurance Company pay a tax on said unearned premium reserve of said Hardware Mutual Fire Insurance Company amounting to $32,735, at the rate of 61 cents on the hundred dollars on said unearned premium reserve levied, assessed, and charged by the board of county commissioners of Mecklenburg County on said unearned premium reserve, the tax so demanded being $199.68, subject to discount of 2½% if paid in July, 1935, net amount being $194.69.

"16. Pursuant to such demand the said Hardware Mutual Fire Insurance Company, on 23 July, 1935, paid to said J. W. Stinson, treasurer-tax collector, said net amount of tax of $194.69 for the year 1935 on said unearned premium reserve of $32,735, notifying said treasurer-tax collector at the time of said payment that it paid said tax on said unearned premium reserve under protest.

"17. Within 30 days after such payment under protest the said Hardware Mutual Fire Insurance Company demanded in writing from the said J. W. Stinson, treasurer-tax collector of Mecklenburg County, the said tax of $194.69 so paid by the said Hardware Mutual Fire Insurance Company under protest.

"18. The said tax of $194.69 was not refunded within ninety days thereafter and has not up to the present time been refunded to the said Hardware Mutual Fire Insurance Company, or to anyone for said company.

"The question in difference between said parties arising upon the facts herein set forth is:

"1. Whether the said county tax of $166.37 on the said unearned premium reserve of said Hardware Mutual Fire Insurance Company of $29,188 for the year 1934 levied, assessed, and charged, paid under protest and demanded back, as herein set forth, is for any reason invalid or excessive; and whether the said Hardware Mutual Fire Insurance Company is entitled to recover from the said J. W. Stinson, treasurer-tax collector of Mecklenburg County, N. C., the said county tax of $166.37 on such unearned premium reserve, with interest.

"2. Whether the said county tax of $199.69, subject to discount of 2½ per cent if paid in July, 1935, net amount being $194.69 on the said unearned premium reserve of $32,735 for the year 1935 levied, assessed, charged, paid under protest and demanded back, as herein set forth, is for any reason invalid or excessive, and whether the said Hardware Mutual Fire Insurance Company is entitled to recover from the said

J. W. Stinson, treasurer-tax collector of Mecklenburg County, N. C., the said county tax of $194.69 on such unearned premium reserve, with interest.

HARDWARE MUTUAL FIRE INSURANCE COMPANY,

By W. W. WATT, *President.*

"Attest:

    ARTHUR R. CRAIG, *Secy.*

    (Seal of Hardware Mutual

    Fire Insurance Company.)

MECKLENBURG COUNTY,

By B. J. HUNTER, *Chm. Co. Comm.*

J. W. STINSON, *Treasurer-Tax Collector*

*for Mecklenburg County, N. C."*

The judgment of the court below is to the effect: "(1) That said county tax of $166.37 upon said unearned premium reserve of the Hardware Mutual Fire Insurance Company paid by the Hardware Mutual Fire Insurance Company for the year 1934 is invalid, and that the said Hardware Mutual Fire Insurance Company recover of the said J. W. Stinson, treasurer-tax collector of Mecklenburg County, the sum of $166.37, being the amount of the county tax on said unearned premium reserve of said Hardware Mutual Fire Insurance Company as aforesaid, together with interest thereon from 8 March, 1935, until paid. (2) It is further ordered, adjudged, and decreed that said county tax of $194.69 upon said unearned premium reserve of the said Hardware Mutual Fire Insurance Company paid by said Hardware Mutual Fire Insurance Company for the year 1935 is valid, and that the Hardware Mutual Fire Insurance Company recover nothing of said J. W. Stinson, treasurer-tax collector of Mecklenburg County, on account of the county tax of $194.69 on said unearned premium reserve of the Hardware Mutual Fire Insurance Company for the year 1935 paid by said Hardware Mutual Fire Insurance Company as aforesaid."

There are two exceptions and assignments of error in the record: (1) By J. W. Stinson, treasurer-tax collector of Mecklenburg County, N. C., and Mecklenburg County, N. C., that the court erred in giving judgment in favor of the Hardware Mutual Fire Insurance Company for repayment of the 1934 county tax, amounting to $166.37, and interest; and (2) by Hardware Mutual Fire Insurance Company that the court erred in refusing to give judgment in its favor for repayment of the 1935 county tax, amounting to $194.69, and interest. Both parties appealed to the Supreme Court. Affirmed on the 1st exception and assignment of error; reversed on the 2nd exception and assignment of error.

*Chase Brenizer and Cansler & Cansler for plaintiff.*

*J. Clyde Stancill and Henry E. Fisher for J. W. Stinson, Treasurer-Tax Collector for Mecklenburg County, and for Mecklenburg County, N. C.*

CLARKSON, J. As we answer the *second* exception and assignment of error in favor of plaintiff, we see no reason to discuss the question involved in the *first* exception and assignment of error, as to whether, under the facts and circumstances of this case, the taxing authorities can go behind the returns. We may say, however, that the plaintiff's tax returns for the year 1934 showed clearly a deduction for "unearned premiums" and the amount of same. This was approved by the Board of Equalization and Review of Mecklenburg County. The amount plaintiff was due for tax was placed on the tax list and assessment roll for Mecklenburg County. In the findings of fact is the following: "The said tax list and assessment roll containing such assessment and valuation was approved and certified to by said Board of Equalization and Review as provided by law, and delivered to the treasurer-tax collector of Mecklenburg County, to whom said Hardware Mutual Fire Insurance Company on 30 October, 1934, paid the sum of $109.50, being a tax levied by the Board of County Commissioners of Mecklenburg County at the rate of 57 cents on the one hundred dollars on the said grand total of $19,210."

The plaintiff, like any other taxpayer, in good faith gave in its tax. The authorities, in clear written language and knowledge of the "unearned premiums" being deducted, and with this knowledge they accepted the "returns" and levied the tax and collected same. Plaintiff paid its tax as assessed, and later the additional tax on the "unearned premiums," and, in conformity to the statute, paid this amount assessed under protest and sues to recover the amount back. The court below decided this aspect in plaintiff's favor, and we see no error from the position we take on the *second* exception and assignment of error.

On the *second* exception and assignment of error, we think the court erred in not giving judgment for plaintiff. The record discloses that a tax investigator concluded that plaintiff's return was not correct as to it deducting the "unearned premiums" as a liability from its solvent credits and had the proper tax authorities to make assessment disallowing same. Plaintiff paid the tax for 1935 under protest, in conformity to the statute, and sues to recover the amount back. The court below held that the tax authorities could tax this "unearned premiums"—in this we think there was error. This is practically the only question involved on this appeal.

Constitution of North Carolina, Art. V, sec. 3, in part, is as follows: "Laws shall be passed taxing, by a uniform rule, all moneys, credits,

investments in bonds, stocks, joint stock companies, or otherwise; and, also, all real and personal property, according to its true value in money," etc.

N. C. Code, 1935 (Michie), sec. 7971 (13): "Property subject to taxation—All property, real and personal, within jurisdiction of the State, not especially exempted, shall be subject to taxation." See sections 7971 (18), (19), (36).

Section 7971 (46), subsec. 25: "It is the purpose of this section to require, and it shall be the duty of each and every taxpayer to furnish, a complete and itemized list of the solvent credits, property, or things of value owned or possessed by him or in his control." Section 7971 (50), subsecs. 1, 2, 3, and 4, provides for discovery of taxable property not listed, by certain tax authorities, and listing same.

The Constitution and the above acts and the other acts on the subject are broad and comprehensive that all real and personal property shall be subject to taxation except that which is exempt by the Constitution. Section 7971 (47) provides: "All *bona fide* indebtedness owing by any taxpayer as principal debtor may be deducted by the list taker or assessor from the aggregate amount of the taxpayer's credits, shown in items twenty and twenty-one of section 7971 (46)." Section 7971 (46), subsec. (21)—(what tax list shall contain): "All solvent credits with accrued interest thereon, whether money on deposit, mortgages, bonds, notes, bills of exchange, certified checks, accounts receivable, or in whatever other form or credit and whether owing by any state or government, county, city, town, township, person, persons, company, firm, or corporation within or without the State."

The policy written by the plaintiff is the Standard Fire Insurance Policy required by the North Carolina statute (N. C. Code, 1935 [Michie], sec. 6437), in part, provides as follows: (Under Cancellation of Policy) "This policy shall be canceled at any time at the request of the insured, in which case the company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be canceled at any time by the company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

Section 6294 provides, in regard to this unearned premium reserve, as follows: "*Liabilities and reserve fund determined.* To determine the liability of an insurance company, other than life and real estate title insurance, upon its contracts, and thence the amount such company

must hold as a reserve for reinsurance, the Insurance Commissioner shall take the actual unearned portion of the premium written in its policies. In case of the insolvency of any company, the reserve on outstanding policies may, with the consent of the Commissioner, be used for the reinsurance of its policies to the extent of their pro rata part thereof."

From a reasonable construction of the above statutes we think the unearned premiums a liability of the company. This statute in no way impinges on the Constitution. Unearned premiums, *ipso facto,* to some extent denote a liability. "Unearned premium—That portion which must be returned to insured on cancellation of policy. *Ætna Ins. Co. v. Hyde,* 315 Mo., 113, 285 S. W., 65, 71." Black's Law Dictionary (3d Ed.), p. 1404.

The cases cited by the litigants are in woeful conflict, and we see no necessity to discuss them; but where statutes are in existence in the different states on the subject, as in this State, by the weight of authority the courts seem generally to hold that unearned premiums are a liability and can be deducted from solvent credits. We see no reason why the statutes in this State should be nullified. Plaintiff, within its legal rights recognized by statutory enactment, deducted its unearned premium as a liability from its solvent credits. The taxing authorities recognized this method, until the tax investigator decided otherwise, hence this controversy.

It goes without saying that no tax should be imposed which is not just, on either corporation or individual. The ideal of government is equal justice, under law. Later, when the premiums are earned or returned, they will be taxed, and no escape from tax can take place by deducting unearned premiums from solvent credits. We have set forth the lengthy agreed statement of facts—the controversy without action— in full, so as to show the *bona fide* contentions of the litigants. The able brief of counsel for defendants, citing cases in different jurisdictions, was persuasive but not convincing, as in this State we have statutes on the subject.

On the first exception and assignment of error, made by defendants, we find no error. On the second exception and assignment of error, made by plaintiff, we find error. The judgment of the court below is affirmed on the first exception and assignment of error, made by defendants, and reversed on the second exception and assignment of error, made by plaintiff.

Reversed on plaintiff's appeal.

Affirmed on defendants' appeal.